**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KARONISHA RAMSEY, on her own behalf and as Special Administrator of the Estate of KAJUAN RAYE, deceased, | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| SGT. JOHN POULOS, individually, and the CITY OF CHICAGO, a municipal corporation. | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, Karonisha Ramsey, by and through her attorneys, Erickson & Oppenheimer, complaining against the Defendants, Sgt. John Poulos, individually, and the City of Chicago, as follows:

## INTRODUCTION

1) This action, arising out of the death of 19-year-old Kajuan Raye ("Decedent"), is brought pursuant to 42 U.S.C. §1983 to address deprivations of Decedent's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2) This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## THE PARTIES

3) The Plaintiff, Karonisha Ramsey, is the mother of the Decedent.

4) The Defendant, Sgt. John Poulos, was at all relevant times a duly appointed police officer of the City of Chicago acting within his scope of employment and under color of law. He is sued in his individual capacity.

5) Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, which operated the Chicago Police Department. At all times relevant to the events complained of herein, Defendant City of Chicago was the employer of Defendant Poulos.

**FACTS**

6) On or about November 23, 2016, Raye was in the area of the 1400 block of West 65th St. in Chicago, Illinois.

7) Poulos approached Raye, and a foot pursuit ensued.

8) Thereafter, without lawful justification or excuse, Poulos fired at the Decedent, striking and killing Raye.

9) Poulos claimed in statements provided after the shooting that Raye pointed a weapon at him.

10) After the shooting, the Chicago Police Department conducted a thorough search of the scene and surrounding area and failed to locate any weapon.

11) An autopsy of Raye by the Cook County Medical Examiner's Office indicates that Raye was killed by a gunshot in the back.

12) Said actions of Poulos were intentional, willful and wanton and/or committed with reckless indifference and disregard for Decedent's constitutional rights.

13) Said actions of Poulos were objectively unreasonable under the circumstances.

**COUNT I—EXCESSIVE FORCE (Section 1983)**

14) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

15) Poulos's actions as set forth hereto constitute excessive force against Decedent, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

16) As a direct and proximate consequence of Poulos's unjustified and excessive use of force, the Decedent suffered damages, including without limitation conscious pain and suffering. His Estate has incurred medical and funeral expenses and suffered injury and emotional distress, including loss of society and companionship.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Poulos for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II– BATTERY (state law claim)

17) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

18) Poulos's conduct resulted in offensive physical contact with the Decedent made without his consent, thus constituting battery under Illinois law.

19) Poulos's actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Poulos for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III—WRONGFUL DEATH (state law claim)

20) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

21) Poulos's actions as set forth hereto caused the wrongful death of the Decedent, in violation of ILCS 740 180/1 et seq.

22) Poulos's actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

23) As a result of Poulos's conduct, the Estate has suffered injury, including without limitation incurring medical and/or funeral expense and the loss of society and companionship.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Poulos for an award of reasonable compensatory and punitive damages, plus costs.

**COUNT IV—SURVIVAL ACTION (state law claim)**

24) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

25) After the Decedent was shot, he survived for a period during which he experienced conscious pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Poulos for an award of reasonable compensatory and punitive damages, plus costs.

**COUNT V—FAMILY EXPENSE ACT (state law claim)**

26) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

27) As a direct and proximate cause of Poulos's actions which caused the death of the Decedent, Plaintiff Karonisha Ramsey, as mother of the deceased, Kajuan Raye, has been obligated to incur financial expenses including without limitation medical and funeral expenses.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Poulos for an award of reasonable compensatory and punitive damages, plus costs.

**COUNT VI—INDEMNIFICATION**

28) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

29) At all relevant times, Defendant City of Chicago was the employer of the Defendant officers.

30) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

31) At all relevant times, Defendant Poulos was an employee of the City of Chicago who acted within the scope of his employment in committing the misconduct described herein.

**WHEREFORE**, should Defendant Poulos be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT VII—*RESPONDEAT SUPERIOR*

32) Each of the paragraphs above is incorporated by reference as though fully stated herein.

33) In committing the acts alleged in the preceding paragraphs, Defendant Poulos was an agent of the City of Chicago and was acting at all relevant times within the scope of his employment.

34) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should Defendant Poulos be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Michael Oppenheimer

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370